## IN DISTRICT COURT, COUNTY OF CASS, STATE OF NORTH DAKOTA

| | |
|---|---|
| Mary Valnes, as an Heir at Law of Dorothy Kemper, on behalf of the Heirs at Law of Dorothy Kemper, and as the Personal Representative of the Estate of Dorothy Kemper, Deceased, | Case No.: |
| Plaintiff, | **NOTICE OF FILING REMOVAL** |
| vs. | |
| Elim Homes, Inc. d/b/a Fargo Elim, | |
| Defendants. | |

[1]   PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-captioned action was removed to the United States District Court for the District of North Dakota, Eastern Division on June 30, 2025, upon the service and filing of the Notice of Removal by Defendant Elim Homes Inc. d/b/a Fargo Elim, a true and correct copy of which is attached as **Exhibit A**.

[2]   By filing the Notice of Removal and a copy of this Notice with the Clerk of this Court, Defendants Defendant Elim Homes Inc. d/b/a Fargo Elim, have removed the case in accordance with 28 U.S.C. § 1446(d), divesting this Court of any further jurisdiction.

**BASSFORD REMELE**
*A Professional Association*

Date: July 1, 2025

By /s/ Jessica L. Klander
Jessica L. Klander (#9526)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone:  (612) 333-3000
Facsimile:  (612) 333-8829
jklander@bassford.com

*Attorneys for Defendant Elim Homes, Inc. d/b/a Fargo Elim*

4930-2906-4273, v. 2

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Mary Valnes, as an Heir at Law of Dorothy Kemper, on behalf of the Heirs at Law of Dorothy Kemper, and as the Personal Representative of the Estate of Dorothy Kemper, Deceased,<br><br>     Plaintiff,<br><br>vs.<br><br>Elim Homes, Inc. d/b/a Fargo Elim,<br><br>     Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL** |

TO: THE CLERK OF UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTH DAKOTA AND PLAINTIFF.

### NOTICE OF REMOVAL OF CIVIL ACTION

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and for the reasons described more fully below, Defendant Elim Homes Inc. d/b/a Fargo Elim, removes this state action currently pending in the State of North Dakota District Court, East Central Judicial District, County of Cass, to the United States District Court for the District of North Dakota, Eastern Division.

### PROCEDURAL HISTORY

1. Plaintiff commenced a civil action by service of a Summons and Complaint on Defendant Elim Homes Inc. d/b/a Fargo Elim on June 10, 2025 captioned *Mary Valnes, as an Heir at Law of Dorothy Kemper, on behalf of the Heirs at Law of Dorothy Kemper, and as the Personal Representative of the Estate of Dorothy Kemper, Deceased v. Elim Homes,*

*Inc. d/b/a Fargo Elim*. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of parties and the amount in controversy is in excess of $75,000.00.

## REMOVAL IS TIMELY

3. The removal by Elim Homes, Inc. d/b/a Fargo Elim is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after receipt of the Complaint by Defendant Elim Homes, Inc. d/b/a Fargo Elim.

4. Concurrent with the filing of this Notice, Elim Homes, Inc. d/b/a Fargo Elim are serving this Notice of Removal upon Plaintiff and filing a copy of this Notice of Removal in the State of North Dakota District Court, East Central Judicial District, County of Cass, pursuant to 28 U.S.C. § 1446(d). A Disclosure of Corporate Interests Forms are also being filed.

5. The following constitutes true and correct copies of all pleadings, attempted process, and orders in this action:

> Exhibit A: Summons and Complaint

## VENUE

6. Venue is proper in the United States District Court for the District of North Dakota, Eastern Division because the state court matter is pending in such district pursuant to 28 U.S.C. § 1446(a).

I. **JURISDICTION EXISTS UNDER 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**

    A. **Complete diversity of citizenship exists between the parties.**

7. Plaintiff is a citizen of North Dakota by operation of 28 U.S.C. § 1332(c)(2) because the decedent, Dorothy Kemper, was a resident of, and domiciled in, Fargo, North Dakota at the time of her death. (Ex. A ¶ 2.)

8. At all material times, including from the time the Summons and Complaint was served through the present, Defendant Elim Homes, Inc. d/b/a Fargo Elim is a citizen of, and domiciled in, the State of Minnesota under 28 U.S.C. § 1332(c)(1) because it is incorporated under the laws of the state of Minnesota and its principal place of business in Minnesota.

    B. **The amount in controversy exceeds the jurisdictional minimum of $75,000.00 under 28 U.S.C. § 1332(a).**

9. Plaintiff claims Defendant was negligent, grossly negligent, reckless, and/or abusive and that same wrongfully caused the death of Ms. Kemper. (*See* Ex. A.)

10. Plaintiff seeks economic and non-economic damages for alleged "serious and permanent injuries, physical and emotional pain and suffering, loss of enjoyment of life, death, and related damages" in excess of $50,000.00 as result of the wrongful death. (*See* Ex. A. ¶¶ 30-31.)

11. Furthermore, wrongful death claims premised on allegations of negligence against medical providers, including nursing homes often result in settlements or verdicts in excess of $75,000.00. *See, e.g., D.D. v. Confidential*, 2014 WL 9877545 ($850,000.00 settlement in a wrongful death case arising out of medical treatment); *O'Brien v. Minnesota*

3

*Masonic Home North Ridge*, 2004 WL 2208346 (settlement of $175,000.00 of wrongful death claim against a nursing home).

12. The Complaint and allegations of wrongful death contained therein plausibly demonstrate the amount-in-controversy to be in excess of $75,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) ("when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted.")

13. This Court has diversity jurisdiction because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

        **BASSFORD REMELE**
        *A Professional Association*

Date: July 1, 2025        By /s/ Jessica L. Klander
        Jessica L. Klander (#9526)
        100 South 5th Street, Suite 1500
        Minneapolis, MN 55402-1254
        Telephone: (612) 333-3000
        Facsimile: (612) 333-8829
        jklander@bassford.com

        *Attorneys for Defendant Elim Homes, Inc. d/b/a Fargo Elim*

4914-5344-8017, v. 2

# EXHIBIT A

IN DISTRICT COURT, COUNTY OF CASS, STATE OF NORTH DAKOTA

| | |
|---|---|
| Mary Valnes, as an Heir at Law of Dorothy Kemper, on behalf of the Heirs at Law of Dorothy Kemper, and as the Personal Representative of the Estate of Dorothy Kemper, Deceased,<br><br>  Plaintiff,<br><br>vs.<br><br>Elim Homes, Inc. d/b/a Fargo Elim,<br><br>  Defendant. | Civil No. _____<br><br>**SUMMONS** |

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANT:

[1]  You are hereby summoned and required to appear and defend against the Complaint in this action which is herewith served upon you by serving upon the undersigned an Answer or other proper response within twenty-one (21) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated:  June 4, 2025.

MARING WILLIAMS LAW OFFICE, P.C.

By:  /s/ Kellen B. Bubach
  Kellen B. Bubach (Bar No. 09315)
  5201 42nd St. S, Suite 200
  Fargo, ND 58104
  701-241-4141
  kbubach@maringlaw.com

Attorneys for Plaintiff

IN DISTRICT COURT, COUNTY OF CASS, STATE OF NORTH DAKOTA

| | |
|---|---|
| Mary Valnes, as an Heir at Law of Dorothy Kemper, on behalf of the Heirs at Law of Dorothy Kemper, and as the Personal Representative of the Estate of Dorothy Kemper, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>Elim Homes, Inc. d/b/a Fargo Elim,<br><br>Defendant. | Civil No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

[1]   Plaintiff, for her claim against the Defendant, states and alleges as follows:

[2]   Decedent, Dorothy Kemper, died on April 21, 2024, while a resident of Fargo, Cass County, North Dakota.

[3]   Plaintiff Mary Valnes ("Valnes") was at all times relevant hereto a resident of Clay County, Minnesota.

[4]   Plaintiff Valnes has been advised of reasonable alternative dispute resolution options and a good faith effort has been made by Valnes to resolve this matter.

[5]   Plaintiff is a daughter of Dorothy Kemper, deceased, and is the appropriate heir at law to proceed with a wrongful death claim as a result of Dorothy Kemper's death. Plaintiff is also the personal representative of the Estate of Dorothy Kemper and is the appropriate representative to proceed with the survival action on behalf of the Estate of Dorothy Kemper.

[6]   Elim Homes, Inc. ("Fargo Elim") is located in Edina, Minnesota, with a principal place of business in Cass County, North Dakota.

[7]     Venue is proper pursuant to N.D.C.C. § 28-04-05, as the as the cause of action arose in Cass County, and Fargo Elim is a corporation transacting business in Cass County.

[8]     The amount in controversy exceeds this Court's jurisdictional minimums.

[9]     Fargo Elim holds itself out as an expert in skilled care and licensed nursing home care.

[10]    In reliance upon these representations, Dorothy Kemper became a resident of Fargo Elim, and she was a resident at Fargo Elim at all times relevant to this action.

[11]    At all times relevant to this action, Dorothy Kemper required and was dependent upon Fargo Elim to provide her with nursing home care and memory care services. It is reasonably believed that Fargo Elim is responsible for all relevant acts and omissions that resulted in Dorothy Kemper's injuries, decline in health, death, and damages.

[12]    During this time of continuous care, Fargo Elim negligently, grossly negligently, recklessly, and/or abusively cared for Dorothy Kemper and violated numerous regulations, laws, rights, and industry standards, causing Dorothy Kemper personal injury, illness, harm, a decline in health, and death, including but not limited to, failing to timely transfer Dorothy Kemper to a higher level of care when her symptoms required Defendant to do so, failing to timely notify her physician about her change in condition, failing to notify her family about her change in condition, failing to appropriately monitor Dorothy Kemper to avoid injury, failing to prevent abuse, failing to prevent injury, causing her injury, and failing to comply with federal regulations.

[13]    In May of 2023, Dorothy Kemper presented to Fargo Elim and became a resident of the skilled nursing facility.

[14] By August 15, 2023, a nurse at Fargo Elim documented Dorothy had an open area on her sacrum, that measured 0.5 centimeters long by 0.5 centimeters wide, by 0.1 centimeters deep.

[15] On November 26, 2023, a CNA at Fargo Elim, attempted to slide Dorothy back in her wheelchair, without locking the wheelchair breaks, and caused Dorothy to land on the floor.

[16] Dorothy's providers were not notified at the time of her fall. The fall was documented as a late entry on November 29, 2023, for the first time.

[17] On December 2, 2023, a member of Fargo Elim's nursing staff, performed a skin assessment, and discovered Dorothy had a sacral bruise that measured 3 cm long by 0.4 cm wide, that was not present on admission.

[18] An LPN at Fargo Elim conducted a skin assessment on January 20, 2024, and found Dorothy's sacral bruise measured 0.5 cm long, by 0.5 cm wide, with an open area on her sacrum that was not present on admission.

[19] On February 14, 2024, a Wound Care Nurse at Essentia Health, and an RN from Fargo Elim, assessed Dorothy's sacral pressure ulcer at Fargo Elim. Dorothy told the nurses this area was very painful. The nurses documented Dorothy's pressure ulcer now measured 1.1 cm long, by 0.6 cm wide, by 0.5 cm deep, and they were able to palpate her coccyx bone. They also documented they were concerned that due to the slough on the ulcer, more tissue damage may be present. The nurses categorized the ulcer as a stage III pressure ulcer.

[20] On March 13, 2024, an RN assessed Dorothy's pressure ulcer, and again documented the healing status of her pressure ulcer had declined. Dorothy complained of

3

constant pain in her buttocks. Her sacral pressure ulcer now measured 1.8 cm long, by 0.6 cm wide, by 1.5 cm deep, with a palpable bone at the base of the ulcer. RN-Sivertson determined the pressure ulcer had progressed from a stage III to a stage IV pressure ulcer. The RN described the pressure ulcer as having slough, with macerated/ soft wound edges.

[21]   On March 19, 2024, Dorothy was transferred to the Essentia Health Emergency Department by Ambulance for possible sepsis related to her stage IV infected decubitus ulcer.

[22]   Essentia Health diagnosed Dorothy with severe sepsis, a sacral decubitus ulcer, stage IV, an infected decubitus ulcer, stage IV and a non-ST elevated myocardial infarction. Essentia also determined Dorothy's severe sepsis with septic shock caused her myocardial injury.

[23]   On March 28, 2024, a hospitalist at Essentia Health, discharged Dorothy back to Fargo Elim, for rehabilitation therapy. Dr. Aslam noted in Dorothy's discharge summary, she suffered severe sepsis, as evidenced by her acute metabolic encephalopathy with the source being her infected stage IV decubitus ulcer.

[24]   On March 29, 2024, an RN at Fargo Elim, documented that Dorothy had a fall at the end of November (the event where the CNA did not lock the brakes on the wheelchair) which resulted in a bruise in the area where the pressure injury is, Dorothy may have gotten tissue damage to that area with the fall.

[25]   An RN at Fargo Elim conducted a wound assessment, and wound vac dressing change, on April 10, 2024. The assessment revealed the pressure ulcer had bright red, bloody drainage, with reddened and irregular skin edges. The measurements of the ulcer demonstrated the size increased, and the length now measured 10 cm in length

4

[26]    On April 12, 2024 Dorothy was placed on hospice care, and she died on April 21, 2024.

[27]    Fargo Elim had the duty to exercise reasonable care toward its residents and patients to ensure that each resident's health is cared for, and that they have appropriate medical attention, if needed.

[28]    Fargo Elim is responsible for the negligence, gross negligence, reckless, and abusive behaviors of its employees.

[29]    Fargo Elim was negligent, grossly negligent, reckless, and/or abusive in one or more of the following particulars:

    a. Failure to ensure proper medical attention or adequate medical supervision;

    b. Failure to provide appropriate care and staffing including complete and full nursing assessments and nursing interventions;

    c. Failure to assure urgent access to hospital and medical care as needed;

    d. Failure to transfer to an appropriate level of care in a timely manner;

    e. Failure to accurately document changes in condition and to notify physicians of changes in condition;

    f. Failure to prevent falls and/or accidents and, in so doing, failure to prevent injuries from occurring;

    g. Failure to keep Dorothy Kemper safe and secure;

    h. Failure to keep Dorothy Kemper from falling;

    i. Failure to provide complete, accurate, and reliable charting;

    j. Failure to communicate with family members regarding urgent and important heath matters affecting Dorothy Kemper;

   k. Failure to abide by all relevant state and federal regulations, administrative codes, regulations, and laws;

   l. Failure to follow policy and procedures;

   m. Failure to respect and protect Dorothy Kemper's rights;

   n. Violating Dorothy Kemper's dignity;

   o. Failure to follow the care plan;

   p. Failure of facility administration to assure the resident's needs were met;

   q. Negligently hiring, retaining, and supervising personnel;

   r. Inadequate training of staff;

   s. Causing severe injuries to Dorothy Kemper;

   t. Failing to appropriately treat Dorothy Kemper's pressure ulcers;

   u. Causing pressure ulcers;

   v. Covering-up adult abuse, neglect, and negligence; and

   w. Such other acts and omissions as may be developed through the course of discovery.

[30]   As a proximate result of the negligence, gross negligence, recklessness, and abusive behavior of Fargo Elim, Dorothy Kemper suffered serious and permanent injuries, physical and emotional pain and suffering, loss of enjoyment of life, death, and related damages.

[31]   Plaintiff, on behalf of the heirs at law, and on behalf of the Estate of Dorothy Kemper, is entitled to recover all available economic and non-economic damages as set forth in N.D.C.C. § 32-03.2-04.

[32]   WHEREFORE, Plaintiff requests judgment against Defendant in a reasonable sum but not less than fifty thousand dollars and also requests interest, costs and disbursements, and such other and further relief as is just and proper.

Dated:  June 4, 2025.

## DEMAND FOR JURY TRIAL

[33]   Plaintiff demands a trial by jury.

Dated:  June 4, 2025.

                              MARING WILLIAMS LAW OFFICE, P.C.

                              By:   /s/ Kellen B. Bubach
                                    Kellen B. Bubach (Bar No. 09315)
                                    5201 42nd St. S, Suite 200
                                    Fargo, ND 58104
                                    701-241-4141
                                    kbubach@maringlaw.com

                                    Attorneys for Plaintiff