# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Mary Valnes, as an Heir at Law of Dorothy Kemper, on behalf of the Heirs at Law of Dorothy Kemper, and as the Personal Representative of the Estate of Dorothy Kemper, Deceased,<br><br>                Plaintiff,<br><br>vs.<br><br>Elim Homes, Inc. d/b/a Fargo Elim,<br><br>                Defendant. | Case No.: 3:25-cv-00156-ARS<br><br>**DEFENDANT ELIM HOMES, INC. D/B/A FARGO ELIM'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Elim Homes, Inc. d/b/a Fargo Elim, as and for its Answer to Plaintiff's Complaint, states that it denies each and every allegation in the Complaint accept as may be admitted or qualified herein and further states and alleges as follows:

1. The allegations in Paragraph 1 are general statements to which no response is required. To the extent a response is required, Defendant denies.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Upon information and belief, Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in Paragraph 4 of the Complaint and, therefore, denies.

5. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in Paragraph 5 of the Complaint and, therefore, denies.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations in Paragraph 10 of the Complaint and, therefore, denies.

11. With regard to the first sentence of Paragraph 11 of the Complaint, Defendant admits only that it provided certain medical services to Dorothy Kemper. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. With regard to the allegations in Paragraph 20 of the Complaint, Defendant admits only the first, second, fourth and fifth sentences. Defendant denies the remaining allegations.

21. With regard to the allegations in Paragraph 21 of the Complaint, Defendant admits only that Dorothy was transferred to Essentia Health Emergency Department on or about March 19, 2024. Defendant denies the remaining allegations.

22. With regard to the allegations in Paragraph 22 of the Complaint, Defendant denies the allegations to the extent they are inconsistent with or contrary to Essentia's medical records, which speak for themselves.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint to the extent the allegations are inconsistent with or contrary to the referenced documentation which speaks for itself.

25. Defendant denies the allegations in Paragraph 25 of the Complaint to the extent the allegations are inconsistent with or contrary to records of the assessment which speaks for itself.

26. Defendant admits the allegations in Paragraph 26 of the Complaint.

27. The allegations in Paragraph 27 of the Complaint are conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations to the extent they are inconsistent with applicable law and the standard of care at issue.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint, and each subpart thereto.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. The allegation in Paragraph 33 of the Complaint is a statement to which no response is required.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, because any damages incurred by Plaintiff are the result of pre-existing conditions or by intervening or superseding events, factors, occurrences, or conditions that were in no way caused by Defendant and for which Defendant is not responsible.

2. If Plaintiff was damaged as alleged in her Complaint, such damages were the result of acts, omissions, negligence, or fault of parties over which Defendant had no control, or right to control, and for whose acts Defendant cannot be held liable.

3. Plaintiff's claims may be barred in whole or in part by the principles of contributory or comparative fault.

4. Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendant upon which relief may be granted.

5. Plaintiff's claims are subject to binding arbitration. Arbitration is hereby demanded.

6. Defendant asserts that it may have further and additional affirmative defenses, the nature of which cannot be determined until Elim has had an opportunity to more fully conduct discovery. Defendant therefore incorporates all affirmative defenses

stated or contemplated by Rule 12 of the Rules of Federal Civil Procedure as if fully set forth herein.

7.    Defendant expressly reserves the right to add other such defenses, counterclaims, crossclaims, or third-party claims by way of supplemental pleading or amended pleading as may be determined or discovered during these proceedings.

WHEREFORE, Defendant prays that Plaintiff takes nothing by her pretended cause of action, that said action be dismissed with prejudice and on the merits, and that Elim have judgment for its costs and disbursements incurred herein and for such other and further relief as the Court deems just and equitable.

**BASSFORD REMELE**
*A Professional Association*

Date:  July 8, 2025

By /s/ Jessica L. Klander
Jessica L. Klander (#9526)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone:   (612) 333-3000
Facsimile:   (612) 333-8829
jklander@bassford.com

*Attorneys for Defendant Elim Homes, Inc. d/b/a Fargo Elim*

4913-6256-0850, v. 2